# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO FERNANDO MIER-CARDENAS, | 1:08-cv-01593-SMS (HC) |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| NEIL H. ADLER, Warden | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. (Court Docs. 3, 4.)

Petitioner filed the instant federal petition for writ of habeas corpus on October 23, 2008. (Court Doc. 1.)  Petitioner contends that the Bureau of Prisons ("BOP") has failed to provide his custody credit under 18 U.S.C. § 3585(b)(1) for the time he spent in jail while detained in Columbia on the charges for which he was subsequently convicted and is currently serving a sentence.  As will be explained, the instant petition must be dismissed for failure to exhaust the administrative remedies.

## DISCUSSION

A.      Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal

1

prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, Petitioner is challenging the execution of his sentence at Taft Correctional Institution which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

B.      Exhaustion of Administrative Remedies

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (*per curiam*), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Han Mow, 730 F.2d at 1313.

However, the exhaustion requirement was judicially created; it is not a statutory requirement. Chua Han Mow, 730 F.2d at 1313; Montgomery v. Rumsfeld, 572 F.2d 250, 252

(9th Cir.1978). Because exhaustion is not required by statute, it is not jurisdictional. Morrison - Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987), *cert. dismissed*, 488 U.S. 935 (1988); Montgomery, 572 F.2d at 252. "Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." Brown, 895 F.2d at 535.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq. First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy. 28 C.F.R. § 542.13 (1999). If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request. 28 C.F.R. § 542.14 (1999). Upon denial by the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons. 28 C.F.R. § 542.15 (1999). The Regional Director's decision may be appealed to the General Counsel in Washington, D.C. Id. Appeal to the General Counsel is the final step in the administrative remedy process. Id.

In this case, Petitioner concedes that he has failed to exhaust the administrative remedies contending it is futile. Petitioner attaches a grievance, dated December 17, 2007, in which he states:

> I would like to draw your attention towards the fact that I was arrested by Colombian authorities in connection with the instant case for further extradition to United States on April 24, 2006. I have obtained a copy of my arrest information documented by the Colombian authorities to such an effect. You may further investigate the authenticity of the document from the Colombian Mission at many locations in the United States. Furthermore, this document has been authenticated by the Colombian Judicial Officials.
> Although I was sentenced in United States on March 19, 2007. I was extradited to United States from Colombia under this instant case of which I was arrested on April 24, 2006. [See Attached]
> Accordingly, the laws of the United States permit to receive [sic] all the credits for jail time served in the instant case. Pursuant to Title 18 U.S.C.A § 3585(b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.
> My sentence Monitoring Good Time Data dated 12-11-2007 shows that I have not received the credit time served in Colombia due me. Therefore, I would like request to restore my time earned at your earliest. Thanks you.

(Attachment to Petition.)  A correctional officer responded to Petitioner's request, on December 18, 2007, stating, "I am aware of your jail credit in Columbia.  B[OP] is investigating it.  It could take a few months before I get a response.  (Id.)

Petitioner then filed a second grievance on June 24, 2008, in which he stated:

> On December 17, 2007, I advised you that I had served 11 months in Colombia from my current criminal case before being extradited to the U.S.
> Your office on 12-18-07 advised me that the B.O.P. was investigating my jail credit time in Colombia.  As you can see, it has being [sic] 7 months since you last responded my [sic] inquiry.  As such, I would like to know the status of my request with the B.O.P. at your earliest convenience.  Please understand my situation, if I don't get any relief through your office, I have no other alternative but to seek judicial remedy through the . . . courts.

(Attachment to Petition.)  A correctional officer responded to Petitioner's request on June 25, 2008, stating:

> As answered before, we are aware of your request.  The Bureau has one year to investigate your request.  We have sent a second request, if you do not hear from records by October please send another cop-out.

(Id.)

Title 18, of the United States Code, Section 3585 governs the calculation of time served pursuant to a federal sentence, including any custody credits.  United States v. Lualemaga, 280 F.3d 1260, 1265 (9th Cir. 2002).  Here, Petitioner is challenging the calculation of his sentence by the BOP, a determination of which this Court has not authority to grant.  See United States v. Peters, 470 F.3d 907, 909 (9th Cir. 2006).  Thus, Petitioner has presented a claim that the BOP, not this Court, must address.  United States v. Wilson, 503 U.S. 329, 334 (1992) (section 3585(b) does not authorize a district court to compute credit for time served.)  Indeed, the evidence submitted by Petitioner indicates that the prison is currently investigating his claim regarding the custody credits; therefore, exhaustion should not be waived in this instance.  It is possible that upon completion of the investigation, Petitioner may be granted the relief requested by the prison, mooting any review in this Court.  Accordingly, the instant petition must be dismissed without prejudice for failure to exhaust the administrative remedies.  Petitioner may re-file his petition once the administrative remedies have been exhausted.

<u>ORDER</u>

Based on the foregoing, it is HEREBY ORDERED that the instant petition for writ of habeas is dismissed without prejudice.

IT IS SO ORDERED.

**Dated:     November 4, 2008**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE