# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO FERNANDO MIER-CARDENAS, | 1:08-cv-01593-SMS (HC) |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO SET ASIDE JUDGMENT |
| v. | [Doc. 7] |
| NEIL H. ADLER, Warden | |
| Respondent. | |

On November 5, 2008, the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 was dismissed without prejudice for failure to exhaust the administrative remedies.[1] (Court Doc. 5.) Judgment was entered this same date. (Court Doc. 6.)

Now pending before the Court is Petitioner's motion to set aside the judgment entered in this case.[2] Rule 60 of the Federal Rule of Civil Procedure governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge. (Court Doc. 4.)

[2] In his motion, Petitioner contends that "he was not notified of the dismissal of his § 2241 petition until September 28, 2009, when he contacted the court by letter requesting information of the status of his petition and received a copy of the docket." (Motion, at 2, n.1.) However, the Court's November 5, 2008, order of dismissal was served on Petitioner at his address of record and such service is effective. See Local Rule 182(f).

move for a new trial under Rule 59(b) ; (3) fraud . . . of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).  The motion for reconsideration must be made within a reasonable time, in any event, "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.

Petitioner argues "that extraordinary circumstances are present that serious question the integrity of this Court's judgment that if not corrected would result in a 'judicial travesty.'" (Motion, at 2.)  Petitioner contends that exhaustion would be futile in this case because his administrative appeal process was complete on January 15, 2009.  (Id. at 3.)  However, Petitioner overlooks the fact that the instant petition was filed on October 23, 2008, and dismissed on November 5, 2008, as Petitioner was in the process of exhausting his administrative remedies. Indeed, the Court informed Petitioner that "the evidence submitted by [him] indicates that the prison is currently investigating his claim regarding the custody credits; therefore, exhaustion should not be waived in this instance. It is possible that upon completion of the investigation, Petitioner may be granted the relief requested by the prison, mooting any review in this Court." (Court Doc. 5, Order, at 4.)  Petitioner was specifically advised that he "may re-file his petition once the administrative remedies have been exhausted."  (Id.)

Therefore, to the extent Petitioner believes that his administrative remedies have been exhausted, his remedy is to re-file a new section 2241 petition- not reconsideration and reinstatement of this action.  Accordingly, Petitioner's motion for reconsideration is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:    January 12, 2010**              /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE